(*Circuit Court of Cook County. In Chancery.*)

## The North Chicago City Railway Co.

### vs.

## The Town of Lake.

(1880.)

1. EQUITY—JURISDICTION OF—PREVENTING ENFORCEMENT OF VOID ORDINANCE. Equity has jurisdiction to restrain the enforcement of a void municipal ordinance imposing duties upon a street railway company where the damage is unascertainable and irreparable and the rights and convenience of the public are involved.

2. ESTOPPEL—WHEN MUNICIPAL CORPORATION NOT ESTOPPED TO REVOKE LICENSE. No equitable estoppel arises to prevent a municipal corporation passing an ordinance revoking a former license from the fact that the licensee, a street railway company, has expended a large amount of money and helped build up the municipality, while acting under the license.

3. ORDINANCES—MUST BE GENERAL IN NATURE. An ordinance is invalid which on its face is aimed at and applicable to one corporation, and no other corporation or company whatsoever.

4. NUISANCES—POWER OF MUNICIPALITY TO DECLARE—PROVINCE OF COURTS. The mere declaration of a municipality that the use

of steam power by a street railway company is a nuisance does not make it such, as it is not *per se* a nuisance. Whether it is under the circumstances a nuisance is a subject for judicial inquiry and determination.

5. ORDINANCES—UNREASONABLENESS—HOW TO BE SHOWN. The unreasonableness of an ordinance should be shown upon proofs and not upon affidavits.

6. TOWNSHIPS—EFFECT OF GENERAL TOWNSHIP ACT OF 1874 UPON FORMER SPECIAL TOWNSHIP ACTS—QUAERE. Whether the general law of 1874 regarding townships did not repeal the former special act giving certain officials of the town of Lake View the right to act as a board of trustees for that town—*quaere*.

7. MUNICIPAL CORPORATIONS—VOID ORDINANCES—LIABILITY FOR ENFORCEMENT OF. A municipal corporation is not liable for the damage which may result from the enforcement of a void ordinance.

8. SAME—WHERE AND HOW TO BE TESTED—NATURE OF INJUNCTION. The ordinance in this case should be tested in a court of law, not, however, by daily or hourly arrests which may destroy complainant's property with no chance of redress, but the town will be restrained from bringing more than three law suits until a final decision is reached as to the validity of the ordinance.

Motion for an injunction. Heard before Judge M. F. Tuley. The facts are stated in the opinion.

*W. C. Goudy*, for complainant.

*M. W. Robinson*, for defendant.

TULEY, J.:—

This is a bill filed to restrain the town of Lake from arresting, or causing to be arrested, the engineers, conductors, etc., of the railway company's cars propelled by steam in the town of Lake, under a certain ordinance passed by the trustees of said town in October, 1880, declaring that the use of steam motive power to propel any street car upon or along any highway in the town after the 15th of October, 1880, should be deemed a nuisance and that any engineer, conductor, etc. of any such car using steam power should be considered and adjudged guilty of committing a nuisance.

The bill alleges that the company acquired the right to lay down its tracks and to use steam thereon by the lawful

consent of the supervisor, James H. Rees, given in 1861 and 1863, when the town was sparsely inhabited, and that the company at great expense laid down and has maintained its railway through certain highways, extending from the North Chicago city limits to the Graceland cemetery, which was the objective point in the construction of the said railway in said town.

It is alleged that the railway is so constructed that horse power cannot be used, and that the enforcement of the ordinance would destroy the property of said company in said highways and produce irreparable injury. The ordinance is attacked as illegal and as an abuse of discretion by the corporate authorities.

The question as to the jurisdiction of a court of chancery to grant an injunction against corporate authority to enjoin the enforcement of the town ordinance is raised by the defendant and is one of considerable difficulty upon the authorities. It is an objection which I always receive favorably and duly consider, as I believe that I am not at all inclined to draw to this court any unwarranted or doubtful jurisdiction. I am of the opinion that this court has jurisdiction for the following, among other reasons. There is a large amount of property involved which will suffer a damage that can never be accurately ascertained by reason of the enforcement of the ordinance. The amount of travel that will be lost or the effect that discontinuing the connection of the Lake View tracks with the city tracks will have upon the travel on the railway within the city can not be determined by any known rules. In other words, the injury is to some extent irreparable. Again, where the party to be injured is a common carrier of persons and the rights and conveniences of transit of the public are involved, a court of equity should interfere to prevent the enforcement of a void ordinance. While it is true that the invalidity of the ordinance itself would be no ground for equitable interposition, I think the invalidity taken in connection with the grounds before stated do make a case giving jurisdiction to a court of equity.

The complainant contends that the company having exercised the franchise for so many years and having invested a large amount of money upon the strength of the license given it by the supervisor and having by so doing largely contributed to building up the town, there is an equitable estoppel upon the corporation and it should now be enjoined from enforcing an ordinance which will cause the company such great loss. I can perceive no force in the argument as to an equitable estoppel against a municipal corporation. I think the only question is this: Is there good grounds for doubting whether the passage of the ordinance and the enforcement of it is a valid exercise of corporate power? The ordinance is a very peculiar one, bearing evidence upon its face, I think, that it is designed and intended to apply to the complainant railway only. Section one named the railway and prohibited the use by it of steam motive power and section three prescribes penalties for so doing. Section two, while apparently general, yet when taken in connection with sections one and three, it is apparent that the entire ordinance is aimed at the complainant company and no other company or corporation. It needs no authority to be cited to show that the corporate authorities can not pass ordinances applicable upon their face to a single individual or corporation. All ordinances must be general in their character and must apply alike to all persons and corporations within the corporate limits, all, at least, of the like class, or they are invalid.

The ordinance is claimed to be bad also because in derogation of the grant made by the supervisor to the complainant. This position is not tenable. There appears no grant which will interfere with a valid exercise by the town of the power to regulate the use of streets. It is claimed that the ordinance is void as it undertakes to declare what shall be a nuisance and declares that to be a nuisance, to-wit, the use of steam power, which is not a nuisance *per se*. What is or is not a nuisance as to the use of steam power must necessarily depend upon the facts in each particular case. The use of steam power may possibly be a nuisance in one neighborhood

and not in another. The mere declaration by ordinance that the use of steam power is a nuisance cannot make it such. Whether it is a nuisance must necessarily, in a case of this character, be the subject of judicial inquiry and of judicial decision.

The ordinance is also claimed to be unreasonable because it is unnecessary; that but few could derive benefit from it, while a great many would be inconvenienced and injured by it. This is a question which should be determined upon proofs, not upon affidavits. I doubt very much, taking the allegations of the bill in that regard as true, whether there is shown any wanton, wilful or oppressive exercise of the discretion and power by law vested in the trustees.

The bill attacks the power of the officials of the town of Lake View to act as a board of trustees and pass any ordinances whatever. If that question can be raised in this case, in this collateral manner, it would of itself give strong grounds for the granting of this temporary injunction. It is a very serious question and one that should be determined at the earliest possible moment. The town supervisor, assessor and commissioners of highways, by special act before the adoption of the constitution of 1870, had power conferred on them to act as a board of trustees. The new constitution commands the legislature to provide by general law for township organization, and prohibits special legislation in township matters. It is contended that the legislature having in 1874 passed a general law in regard to township organization, all special laws on that subject, among them that conferring the powers of a board of trustees upon the town officers of Lake View, stood repealed because they are inconsistent with the general law. The judicial mind will see at a glance that there is much force in the position. It is not necessary now for me to pass upon the point.

If the town of Lake View would be responsible for the damages which would result from the enforcement of this ordinance, I should feel inclined to refuse this injunction, but under the late decision in the case of *City of Chicago v. Turner*, 80 Ill. 419, there would be no liability attaching to the town if the ordinance is invalid.

The company ought not to be forced to seek indemnity from petty police officers or impecunious town constables for the great losses it will suffer by the enforcement of this ordinance.' I am of the opinion that this ordinance should be tested in a court of law, but not by daily or hourly arrests which would destroy complainant's property and largely inconvenience the traveling public.  The town should be permitted to bring at least three suits to test this ordinance, if it should insist upon the enforcement, but should be restrained from any further interference with complainant's railway and its present use thereof, until there is a final decision by the law courts as to the validity of the ordinance, and until the further order of this court.

Let the order for an injunction be so drawn.

### NOTE.

The same ordinance was before the supreme court in *North Chicago City Ry. Co. v. Town of Lake View*, 105 Ill. 207, and it was there held that the town of Lake View had the power to declare the use of steam power in the streets a nuisance and the courts could not go behind this declaration.—Ed.